UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 10-335-HRW

CYNTHIA LOUISE HUMPHREY,                     PLAINTIFF,

v.                **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,             DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed applications for disability insurance benefits and supplemental security income benefits on November 14, 2008, alleging disability beginning on May 22, 1992, due to "mental brain injury and pre-glaucoma" (Tr. 187).

These claims were was denied initially on January 7, 2009 and on

reconsideration on March 9, 2009 (Tr. 79-80, 81-82).     On October 28, 2009, an administrative hearing was conducted by Administrative Law Judge Frank Letchworth ("ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, William Ellis, a vocational expert ("VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On December 3, 2009, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 45-54).

Plaintiff was 50 years old at the time of the hearing decision (Tr. 153). She completed the 12th grade (Tr. 190). She has no past relevant work (Tr. 52).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 47).

The ALJ then determined, at Step 2, that Plaintiff suffers from borderline intellectual functioning, which he found to be "severe" within the meaning of the Regulations (Tr. 47).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 48). In doing so, the ALJ specifically considered listings 12.02 and 12.05 (Tr. 48).

The ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform medium level work[1] with certain restrictions (Tr. 48-52). Specifically, the ALJ found that Plaintiff could perform only Level One math as

---

[1] The regulations state: "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. §§ 404.1567(c), 416.967(c) (2011).

defined in the Dictionary of Occupational Titles (DOT)[2] (Tr. 48). He further found that she could follow only simple one-to-two-step instructions and could have no more than casual, occasional contact with other people (Tr. 48). The ALJ also found that Plaintiff could not perform jobs that have a stressful production rate or quota and that her supervision must be direct and non-confrontational (Tr. 48).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 52-53).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on October 13, 2010 (Tr. 104).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 7 and 8] and this matter is ripe for decision.

---

[2] Level One math is defined as the ability to do the following: "Add and subtract two-digit numbers. Multiply and divide 10's and 100's by 2, 3, 4, 5. Perform the four basic arithmetic operations with coins as part of a dollar. Perform operations with units such as cup, pint, and quart; inch, foot, and yard; and ounce and pound" (Tr. 71). See DOT § 311.677-010, 1991 WL 672694.

4

## III. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous

because: (1) the ALJ improperly concluded that Plaintiff did not meet or equal Listing 12.05, (2) that the ALJ improperly rejected the opinion of Dr. Robert Spangler and (3) the ALJ did not consider Plaintiff's math skills in determining her RFC.

C.  Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ improperly concluded that Plaintiff did not meet or equal Listing 12.05. In this case, the ALJ determined that Plaintiff did not satisfy the criteria for Listing 12.05D. Plaintiff does not challenge that funding. Rather, Plaintiff maintains that she equaled Listing 12.05C.

The burden of proof lies with the claimant at steps one through four of the [sequential disability benefits analysis], including proving presumptive disability by meeting or exceeding a Medical Listing at step three. *See Burgess v. Secretary of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). Thus, Plaintiff "bears the burden of proof at Step Three to demonstrate that he has or equals an impairment listed in 20 C.F.R. part 404, subpart P, appendix 1." *Arnold v. Commissioner of Social Security*, 238 F.3d 419, 2000 WL 1909386, *2 (6th Cir. 2000 (Ky)). If the Plaintiff "can show an impairment is listed in Appendix 1 ("the listings"), or is equal to a listed impairment, the ALJ must find the claimant

disabled." *Buress v. Secretary of Health and Human Services*, 835 F.2d 139, 140 (6th Cir. 1987).

"The listing of impairments 'provides descriptions of disabling conditions and the elements necessary to meet the definition of disabled for each impairment." *Arnold*, at **2, quoting *Maloney v. Commissioner*, 211 F.3d 1269, 2000 WL 420700 (6th Cir. 2000). In order for the Plaintiff "to qualify as disabled under a listed impairment, the claimant must meet **all** the requirements specified in the Listing." *Id.* (emphasis added). This must be done by presenting specific medical findings that satisfy the particular Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-532, (1990). An impairment that manifests only some of the criteria in a particular Listing, "no matter how severely, does not qualify." *Sullivan*, at 530. In other words, it is insufficient for a claimant to almost meet the requirements of a listed impairment. *See, Dorton v. Heckler*, 789 F.2d 363, 367 (6th Cir. 1986).

> Listing 12.05 provides in pertinent part:
>
>> 12.05 *Mental retardation:* Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.,* the evidence demonstrates or supports onset of the impairment before

7

> age 22.
> The required level of severity for this disorder is met when the requirements in A, B, C or De are satisfied.
> . . . .
>
> Subpart C requires:
>
>> A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05.

Although Plaintiff's school records and Perceptual Reasoning Index score satisfy the intellectual functioning prong of Listing 12.05C, she has not demonstrated that her impairment satisfies the severity and durational requirements of the Listing. As such, the Court finds no error in the ALJ's determination that Plaintiff's impairments do not meet or equal Listing 12.05.

Plaintiff's second claim of error is that that the ALJ improperly rejected the opinion of Dr. Robert Spangler.

Dr. Spangler evaluated Plaintiff on April 22, 2006 at the behest of her counsel. He administered the Wechsler Adult Intelligence Scale IV ("WAIS") and the Wide Range Achievement Test -4 Blue Form ("WRAT") tests. He reported that the WAIS results placed her in the borderline range of intelligence, with a full

8

scale IQ of 75. The WRAT results placed at a 10.8 grade level for reading, 7.7 grade level for sentence comprehension and a 2.9 grade level for arithmetic. He assessed a Global Assessment of Functioning ("GAF") score of 55.

Dr. Spangler found that Plaintiff had a good ability to follow simple work rules, interact with supervisors, and maintain attention and concentration (Tr. 333). Further, Dr. Spangler found that Plaintiff had a good-to-fair ability to relate to co-workers and function independently (Tr. 333). He also opined that she had a fair ability to deal with the public and to deal with work stresses (Tr. 333). Moreover, while he found that Plaintiff had a poor ability to understand, remember, and carry out complex or detailed job instructions, he also found that Plaintiff had a good-to-fair ability to perform simple job instructions (Tr. 334).

The RFC is consistent with Dr. Spangler's opinion. Indeed, Plaintiff does not contend that the ALJ's RFC did not conform with Dr. Spangler' s opinion. Rather, Plaintiff argues that the ALJ should have deferred to his opinion that there are not enough jobs in the national economy that she could perform. This argument is without merit. A VE was at the hearing and qualified to supply this information. The ALJ asked the VE whether there were jobs in the national economy that a hypothetical individual with Plaintiff's RFC could

perform (Tr. 74-75). The VE responded with several representative jobs that together constituted a significant number of positions within the national economy (Tr. 75-76). This testimony is substantial evidence in support of the ALJ's ultimate decision. *See Varley v. Secretary of Health and Human Resources*, 820 F.2d 777, 779 (6th Cir. 1987).

As for Dr. Spangler's statement that Plaintiff meets Listing 12.05C, . The ALJ was correct in disregarding this conclusory remarks. It is within the province of the ALJ to make the legal determination of disability. The ALJ is not bound by a one-time examining physician's conclusory statement, particularly where the ALJ determines, as he did in this case, where the evidence in the record does not satisfy all the requirement of a particular listing. *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

Finally, Plaintiff contends that the ALJ did not consider Plaintiff's math skills in determining her RFC. However, the ALJ acknowledged Plaintiff's poor math skills in his RFC assessment, as he limited Plaintiff to jobs that required no more than Level One math as defined by the DOT (Tr. 48). This is no less restrictive than what the physicians of record found to be appropriate. As such, the Court finds no error in this regard.

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 15th day of September, 2011.



Henry R. Wilhoit, Jr., Senior Judge

11